46 A.3d 1281

IN THE MATTER OF ARTHUR E. SWIDLER, AN ATTORNEY AT LAW (ATTORNEY NO. 043421984).

July 18, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–456, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **ARTHUR E. SWIDLER** of **TRENTON,** who was admitted to the bar of this State in 1985, and who has been suspended from the practice of law since August 13, 2010, should be suspended from the practice of law for a period of three years for violating *RPC* 8.1(b) (failure to reply to a lawful demand for information from a disciplinary authority), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Court having determined from its review of the matter that a three-month suspension from the practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **ARTHUR E. SWIDLER** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall comply with the conditions ordered by the Court on July 19, 2010, in respect of his trust accounting deficiencies; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.